**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LABARRON JEROME JONES,**

      **Plaintiff,**

**v.**

**CAROLYN W. COLVIN,
Acting Commissioner of Social Security,**

      **Defendant.**

**Case No. 14-CV-1267-DDC**

**MEMORANDUM AND ORDER**

Pursuant to 42 U.S.C. § 405(g), plaintiff seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II and Title XVI of the Social Security Act, as amended. Plaintiff has filed a brief (Doc. 14) seeking judicial review of the Commissioner's decision. The Commissioner has filed a brief in opposition (Doc. 20) and submitted the administrative record contemporaneously with her Answer (Doc. 9). When plaintiff filed his reply brief (Doc. 21), this matter became ripe for determination. Having reviewed the administrative record and the parties' briefs, the Court affirms the Commissioner's decision.

    **I.**    **Factual Background and Procedural History**

Plaintiff applied for Social Security Disability ("SSD") benefits and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401–434, 1381–1385, alleging disability beginning August 18, 2008. (R. 168–78) The Social Security Administration denied plaintiff's application on April 22, 2011 (R. 71–92), and again denied it upon reconsideration on August 23, 2011 (R. 95–114). Plaintiff requested a hearing by

an Administrative Law Judge ("ALJ") (R. 137), who held a hearing on February 12, 2013 (R. 14, 54).  On March 25, 2013, the ALJ issued a decision denying plaintiff's application for SSD benefits because the ALJ determined that plaintiff was not disabled from August 18, 2008 through the date of the decision under sections 216(i) and 223(d) of the Social Security Act (R. 14–21).  42 U.S.C. §§ 416(i), 423(d).  The ALJ also denied plaintiff's application for SSI benefits for the same reason under section 1614(a)(3)(A) of the Social Security Act (R. 14–21). 42 U.S.C. § 1382c(a)(3)(A).

Plaintiff filed an appeal with the Appeals Council.  (R. 6–10)  It denied plaintiff's appeal on June 16, 2014.  (R. 1–5)  Plaintiff has exhausted the proceedings before the Commissioner and now seeks judicial review of the final decision denying his SSD and SSI benefits.

## II.     Legal Standard

### A.  Standard of Review

Section 405(g) of Title 42 of the United States Code grants federal courts authority to conduct judicial review of final decisions of the Commissioner and "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Judicial review of the Commissioner's denial of benefits is limited to whether substantial evidence in the record supports the factual findings and whether the Commissioner applied the correct legal standards. *Id.*; *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014); *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" but it must be "more than a scintilla," although it need not be a preponderance.  *Lax*, 489 F.3d at 1084 (citations and internal quotation marks omitted).  While

the courts "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," they neither reweigh the evidence nor substitute their judgment for the Commissioner's. *Id.* (citation and internal quotation marks omitted). But they also do not accept "the findings of the Commissioner" mechanically or affirm those findings "by isolating facts and labeling them substantial evidence, as the court[s] must scrutinize the entire record in determining whether the Commissioner's conclusions are rational." *Alfrey v. Astrue*, 904 F. Supp. 2d 1165, 1167 (D. Kan. 2012) (citation omitted). When determining whether substantial evidence supports the Commissioner's decision, the courts "examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision." *Id.* (citation omitted). "Evidence is not substantial if it is overwhelmed by other evidence, particularly certain types of evidence (*e.g.*, that offered by treating physicians) or if it really constitutes not evidence but mere conclusion." *Lawton v. Barnhart*, 121 F. App'x 364, 366 (10th Cir. 2005) (quoting *Frey v. Bowen,* 816 F.2d 508, 512 (10th Cir. 1987)).

A "failure to apply the proper legal standard may be sufficient grounds for reversal independent of the substantial evidence analysis." *Brown ex rel. Brown v. Comm'r of Soc. Sec.*, 311 F. Supp. 2d 1151, 1155 (D. Kan. 2004) (citing *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994)). But such a failure justifies reversal only in "appropriate circumstances"—applying an improper legal standard does not require reversal in all cases. *Glass*, 43 F.3d at 1395; *accord Lee v. Colvin*, No. 12-2259-SAC, 2013 WL 4549211, at *5 (D. Kan. Aug. 28, 2013) (discussing the general rule set out in *Glass*). Some errors are harmless and require no remand or further consideration. *See, e.g.*, *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161–63 (10th Cir. 2012);

*Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

### B. Disability Determination

Claimants seeking SSD and SSI benefits carry the burden to show that they are disabled. *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (citation omitted). In general,[11] the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner follows "a five-step sequential evaluation process to determine disability." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (discussing 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (governing claims for supplemental security income)). As summarized by the Tenth Circuit, this familiar five-step process is as follows:

> Step one requires the agency to determine whether a claimant is presently engaged in substantial gainful activity. If not, the agency proceeds to consider, at step two, whether a claimant has a medically severe impairment or impairments. . . . At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [the claimant] from performing [the claimant's] past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether [the claimant] possesses the sufficient residual functional capability [RFC] to perform other work in the national economy.

---

[1]   The definition differs for minors and some blind individuals. *See* 42 U.S.C. §§ 423(d)(1)(B) (definition for some blind individuals); 1382c(a)(3)(C)(i) (definition for individuals "under the age of 18").

*Wall*, 561 F.3d at 1052 (citations and internal quotation marks omitted); *accord* 20 C.F.R. § 404.1520(b)-(g).  The claimant has the "burden of proof on the first four steps," but the burden shifts to the Commissioner "at step five to show that claimant retained the RFC to 'perform an alternative work activity and that this specific type of job exists in the national economy.'" *Smith v. Barnhart*, 61 F. App'x 647, 648 (10th Cir. 2003) (quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).  This analysis terminates if the Commissioner determines at any point that the claimant is or is not disabled.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

### III.   Discussion

The ALJ found that plaintiff had the "severe impairment" of sarcoidosis.  (R. 16) However, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets the severity of one of the listed impairments in 20 C.F.R. Part 404.  (*Id.* at 17)  Instead, the ALJ found that plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [he] may only occasionally[ ] stoop, crouch, kneel or crawl, should avoid exposure to dust, fumes and gasses and is limited to unskilled work.

(*Id.*)  Based on that RFC, the ALJ determined that plaintiff was unable to perform any past relevant work.  (*Id.* at 19)  Still, based on plaintiff's age, education, work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  (*Id.*)

Plaintiff challenges the ALJ's determination of his RFC, which he contends is not supported by the substantial evidence of the record.  Specifically, he asserts that the ALJ failed to consider an Intake Summary completed by Andrew Mills, LMSW, at COMCARE of Sedgwick County.  (R. 401–04)

5

At the hearing before the ALJ, plaintiff alleged for the first time that he had experienced symptoms of anxiety and affective disorders. (R. 67) Plaintiff testified that he does not get along well with people, has trouble staying focused, and is suffering from posttraumatic stress disorder after he was raped in prison. (*Id.* at 62, 66–67) Plaintiff explained that he was seeking mental health treatment for these issues at COMCARE. (*Id.*)

Indeed, the COMCARE records show that plaintiff sought help for feelings of sadness and anger on November 13, 2012. (R. 401–04) Plaintiff reported that he was hearing voices at night and that he felt like he wanted to hurt people. (*Id.* at 401) Plaintiff said that he was experiencing flashbacks of his rape in prison, and he described having nightmares and night sweats. (*Id.*) Mr. Mills gave plaintiff a "tentative diagnosis" of major depressive disorder and posttraumatic stress disorder. (*Id.* at 403)

On the date of the hearing, the administrative record did not include any information from COMCARE. Plaintiff's attorney requested additional time to submit the COMCARE records, and the ALJ allowed him ten days to do so. (R. 56) Plaintiff contends that he submitted the COMCARE records by facsimile on February 22, 2013, the last day of the ten day deadline. Doc. 14 at 3. The ALJ's decision, however, states that "[t]here is no support in the record" for plaintiff's allegations of mental impairment. (R. 17) The ALJ noted that plaintiff "was offered the opportunity to supplement the record to support his allegations of mental impairment, but no additional records were provided." (*Id.*) Therefore, the ALJ determined that plaintiff's "allegations of mental impairment are not medically determinable impairments." (*Id.*)

Plaintiff requested the Appeals Counsel review the ALJ's decision. (R. 6–10) In his request, plaintiff argued, among other things, that the ALJ erred by failing to consider substantial evidence—that is, the COMCARE records. (*Id.* at 8) The Appeals Council denied plaintiff's

request for review.  (*Id.* at 1)  In so doing, the Appeals Council "considered the reasons [plaintiff] disagree[d] with the decision as stated in the material listed on the enclosed Order of Appeals Council."  (*Id.* at 2)  This material included the COMCARE records.  (*Id.* at 4)  The Appeals Council found, however, that the information (which included the COMCARE records) "[did] not provide a basis for changing the Administrative Law Judge's decision."  (*Id.* at 2)

### A.  Did the ALJ Err By Failing to Consider the COMCARE Records?

Plaintiff asserts that he submitted the COMCARE records to the ALJ within in the ten day time limit the ALJ established for submitting additional evidence after the hearing.  To support this claim, plaintiff points to a facsimile header on the COMCARE records showing a date of "02/22/2013."  (R. 401–404)  He contends that the facsimile header shows that he submitted the COMCARE documents to the ALJ on February 22, 2013, within the ten day deadline established by the ALJ.  But, as defendant acknowledges, the facsimile header does not provide any information about the source of this transmission or the recipient of those documents on that date.  Thus, the facsimile header provides no confirmation that the ALJ actually received the COMCARE records, as plaintiff contends.

The ALJ's decision suggests, however, that she never received the COMCARE records. The ALJ stated unequivocally that plaintiff "was offered the opportunity to supplement the record to support his allegations of mental impairment, *but no additional records were provided*."  (R. at 17 (emphasis added))  Thus, the record shows that the ALJ did not consider the COMCARE records because apparently she never received them.  Consequently, the Court declines to find that the ALJ erred by failing to consider evidence that she never received.  *See Standlee v. Barnhart*, 125 F. App'x 938, 941 (10th Cir. 2005) ("The ALJ cannot be faulted for not discussing evidence that was not before him when he issued his decision").

### B.  Did the Appeals Counsel Properly Consider the COMCARE Records?

Even if the ALJ had received the COMCARE records, the Court concludes that evidence would not change the ALJ's determination of plaintiff's RFC because they were considered properly by the Appeals Counsel.  Plaintiff submitted the COMCARE records to the Appeals Council, and the Appeals Council issued an order making that evidence part of the administrative record in this case.  (R. 4)  Plaintiff asserts that the Appeals Council ignored this new and material evidence in rendering its decision.  The Commissioner argues that the Appeals Council properly considered the new evidence and that the record supports the Council's determination that the new evidence provides no basis for changing the ALJ's decision.  The Court agrees.

Title 20 C.F.R. §§ 404.970(b) and 416.1470(b) expressly authorize a claimant to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision. *See also O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).  If the evidence "relates to the period on or before the date of the [ALJ] hearing decision," the Appeals Council "shall evaluate the entire record including any new and material evidence submitted . . . [and] then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b).  "A claimant need not show 'good cause' before submitting the new evidence to the Appeals Council." *O'Dell*, 44 F.3d at 858 (citations omitted).  Any new and material evidence submitted to the Appeals Council becomes part of the administrative record that the Court must consider when evaluating the Commissioner's decision for substantial evidence. *Id.* at 859; *see also Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

Here, the Appeals Council did not state specifically whether the COMCARE records qualified as new and material evidence.  However, the Appeals Council did state that it was

incorporating them into the administrative record.  (R. 4)  The Court properly may interpret the Appeal Council's acceptance of the new evidence and its statement incorporating it into the record "as an implicit determination [that plaintiff] had submitted qualifying new evidence for consideration."  *Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006).

After a claimant submits new evidence, the Appeals Council is required to consider that evidence when deciding plaintiff's request for review.  *See* 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council *shall consider* the additional evidence . . . .) (emphasis added);  *see also* 20 C.F.R. § 416.1470(b) (same); *Martinez*, 444 F.3d at 1207 (holding that the Appeals Council must consider new evidence in its evaluation of the record when deciding a request to review the case); *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (same).

While plaintiff here claims that the Appeals Council ignored the additional evidence, the record shows that the Appeals Council considered it, as required by the Social Security Regulations.  In its decision denying plaintiff's request for review, the Appeals Council explicitly stated that it "considered the reasons [plaintiff] disagree[d] with the decision as stated in the material listed on the enclosed Order of Appeals Council."  (R. 2)  The material listed in the Order of Appeals Council included the COMCARE records that plaintiff had submitted.  (*Id.* at 4)  The Appeals Council found, however, that the information submitted (which included the COMCARE records) "[did] not provide a basis for changing the Administrative Law Judge's decision."  (*Id.* at 2)

When the Appeals Council states that it has considered the additional evidence, the "general practice" in our Circuit "is to take a lower tribunal at its word when it declares that it has considered a matter."  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).  The

Appeals Council need not analyze expressly the new evidence in its decision denying review. *See Martinez*, 444 F.3d at 1207–08 ("While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, [plaintiff] points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review."); *see also Martinez v. Astrue*, 389 F. App'x 866, 868–69 (10th Cir. 2010) (explaining that "if . . . the Appeals Council explicitly states that it considered the evidence, there is no error, even if the order denying review includes no further discussion.") (citations omitted). The Court thus takes the Appeals Council at its word. When it stated it had considered the COMCARE records in reaching the decision to deny plaintiff's request for review, the Court finds no reason to reject that assertion.

The Court must determine now whether the additional evidence upsets the ALJ's decision. *See Martinez*, 389 F. App'x at 869; *see also Martinez*, 444 F.3d at 1208 (explaining that the court must consider the entire record, including the newly submitted evidence, when determining whether the ALJ's decision is supported by substantial evidence). The Court does not decide whether the Appeals Council erred in denying review; instead, the Court must "determine whether the Commissioner's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard." *Clement v. Colvin*, No. 12–4165–JWL, 2014 WL 2440386, at *3 (D. Kan. May 30, 2014) (citing *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001)).

Here, the new evidence submitted by plaintiff to support his allegations of mental health impairments consists of the COMCARE records. (R. 401–04) Those records include an Intake Summary completed by Andrew Mills, a Licensed Master Social Worker. (*Id.*) Mr. Mills examined plaintiff one time, on November 13, 2012. (*Id.*) His report summarizes information

plaintiff provided to him about his feelings of anger and experiencing flashbacks. (*Id.*) At the conclusion of the report, Mr. Mills rendered a "tentative diagnosis" of major depressive order and posttraumatic stress disorder. (*Id.* at 403) He also referred plaintiff for a medical evaluation with the appointment time and date to be determined. (*Id.* at 404) The record, however, contains no information about any other medical treatment that plaintiff received for mental health concerns.

As a licensed clinical social worker, Mr. Mills is not "an acceptable medical source." SSR 06–03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). While opinions from other sources, such as licensed clinical social workers, may provide evidence showing the severity of an individual's impairment or how it affects the individual's ability to function, information from a non-acceptable medical source "cannot establish the existence of a medically determinable impairment." *Id.*; *see also Wells v. Colvin*, 727 F.3d 1061, 1073–74 (10th Cir. 2013) (explaining that a non-acceptable medical source opinion is not considered a "medical opinion" under the regulations (citing 20 C.F.R. §§ 404.1513(d), 416.913(d))); *Crane v. Astrue*, 369 F. App'x 915, 919 (10th Cir. 2010) (refusing to consider diagnoses made by non-acceptable medical sources because the Social Security regulations and rulings reject the notion that information from non-acceptable medical sources cannot establish a medically determinable impairment). Instead, only evidence from an acceptable medical source can establish the existence of a medically determinable impairment. SSR 06–03p, 2006 WL 2329939, at *2; *see also Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007) (explaining that "[o]nly 'acceptable medical sources' can provide evidence to establish the existence of a medically determinable impairment, only they can provide medical opinions, and only they can be considered treating sources." (citing 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2), 20 C.F.R. § 1527(d))).

In this case, Mr. Mills, a non-acceptable medical source, completed the COMCARE records. Therefore, because they were not authored by an acceptable medical source, those records do not provide substantial evidence showing that plaintiff's alleged mental health symptoms constitute a medically determinable impairment.

But even if the COMCARE records could support a finding of a medically determinable mental impairment, the record lacks any evidence showing that any such impairment produced any limitations that the ALJ should have included in plaintiff's RFC. The plaintiff bears the burden of establishing an impairment that limits his ability to work. And while the Tenth Circuit has described this as a minimal burden, plaintiff still "must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987)). The COMCARE records only describe the presence of a condition, and the existence of that condition is based entirely on plaintiff's narrative to Mr. Mills. The COMCARE records contain no description of how plaintiff's alleged mental health issues prevent him from working, or otherwise result in any limitations on his ability to work. Thus, the Court finds no error in the Appeals Council's determination that the new evidence (in the form of the COMCARE records submitted by plaintiff) does not provide a basis for changing the ALJ's decision.

Plaintiff did not provide any other treatment notes or medical records from acceptable sources that would have allowed the ALJ to conclude that plaintiff's mental health issues constitute a medically determinable impairment, much less one imposing limitations on plaintiff's ability to work (which the ALJ should have considered when determining plaintiff's RFC). The Court thus finds that the ALJ's decision is supported by substantial evidence in the record.

### C. Did the ALJ Err By Failing to Order a Mental Consultative Examination?

Plaintiff also argues that the ALJ erred by failing to order a mental consultative examination for plaintiff. Doc. 14 at 16. He claims that his mental health allegations should have put the ALJ on notice that a mental consultative examination was necessary to affirm plaintiff's mental condition. *Id.*

An ALJ "has broad latitude in ordering consultative examinations." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997) (citing *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990)); *see also Norris v. Barnhart*, 152 F. App'x 698, 702 (10th Cir. 2005) (quotation and citation omitted). An ALJ should consider ordering a consultative examination when "there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is inconclusive." *Hawkins*, 113 F.3d at 1166 (citations omitted). Before ordering a consultative examination, however, the record must contain "some objective evidence . . . suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." *Id.* at 1167 (citing *Diaz*, 898 F.2d at 777). A claimant's "[i]solated and unsupported comments . . . are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment." *Id.* (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)).

The Tenth Circuit has explained that the plaintiff bears the burden of showing the necessity of a consultative examination:

> Ordinarily, the claimant must in some fashion raise the issue sought to be developed which, on its face, must be substantial. Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment.

*Id.* (citations omitted).

Here, the record before the ALJ lacked substantial objective evidence of an impairment requiring the ALJ to order a consultative examination. The only evidence before the ALJ was plaintiff's testimony about his symptoms of anxiety and affective disorders. These, by themselves, are insufficient to demonstrate that the ALJ should have ordered a mental consultative evaluation. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011) ("A couple of isolated, passing references to depression" did not require the ALJ to order a consultative examination); *see also Marshall v. Astrue*, No. 10-1250-JWL, 2011 WL 3440081, at *5 (D. Kan. Aug. 8, 2011) (where plaintiff's hearing testimony was the only evidence in the record of depressive symptoms, plaintiff failed to meet his burden to show "a reasonable possibility of a severe mental impairment").

Also, plaintiff never requested a consultative examination before the ALJ. The Tenth Circuit has explained that when a claimant is represented by counsel, the ALJ may rely on the claimant's counsel to structure the case and identify issues requiring further development. *Hawkins*, 113 F.3d at 1167. When a claimant's counsel requests no consultative examination, the ALJ does not have a duty to order one "unless the need for one is clearly established in the record." *Id.* at 1168. The record before the ALJ in this case did not establish clearly the need for a consultative examination. As stated, plaintiff's unsupported testimony provided the only evidence of mental impairment. But the medical records before the ALJ lacked evidence of any mental impairment. Indeed, the state agency medical consultant, Dr. Carol A. Eades,[2] reviewed

---

[2] The ALJ gave the opinions of the state agency consultants—including Dr. Eades' opinion—"great weight" because they were consistent with the record as a whole and plaintiff's testimony. (R. 19) "In appropriate circumstances, opinions from State agency medical and psychological consultants and

plaintiff's records and determined that there was no evidence to support a mental impairment. (R. 99, 102) Without record evidence establishing the need for a consultative examination, the ALJ had no duty to order one. Thus, the Court concludes that the ALJ did not err by failing to order a mental consultative examination.

### IV.    Conclusion

After considering the briefs submitted and conducting its own close review of the administrative record, the Court finds that substantial evidence supports the ALJ's decision. The Court therefore affirms the ALJ's decision denying plaintiff SSD and SSI benefits.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Commissioner's decision denying plaintiff Social Security Disability and Supplemental Security Income benefits is affirmed.

**IT IS SO ORDERED.**

**Dated this 23rd day of September, 2015, at Topeka, Kansas.**

>   s/ Daniel D. Crabtree
>   **Daniel D. Crabtree**
>   **United States District Judge**

---

other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3 (July 2, 1996); *see also Jameson v. Colvin*, No. 13-1229-JWL, 2014 WL 4071694, at *4 (D. Kan. Aug. 18, 2014) (affirming the weight assigned to state agency consultants' opinions because they were consistent with the other evidence in the record). Plaintiff here does not challenge the weight assigned to the state agency consultants' opinions.